UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

GARY ANDERSON,

                Plaintiff,                        **REPORT AND RECOMMENDATION**
                                                                    05 CV 2248 (JFB)(LB)

        -against-

UNITED STATES
DEPARTMENT OF JUSTICE,

                Defendant.
-----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

## INTRODUCTION

Plaintiff, Gary Anderson, seeks declaratory and injunctive relief ordering the Department of Justice to produce records responsive to his requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006) and the Privacy Act ("PA"), 5 U.S.C. § 552a (2006). Complaint at ¶1. Defendant moves to dismiss plaintiff's *pro se* complaint pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative for summary judgment under Fed. R. Civ. P. 56. The Honorable Joseph F. Bianco referred defendant's motion to the undersigned for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). As defendant has submitted documents outside of the pleadings, and plaintiff has received the requisite notice,[1] defendant's motion will be treated as one for summary judgment. For the following reasons, it is respectfully recommended that defendant's motion should be granted and plaintiff's complaint should be dismissed.

---

[1] Defendants provided plaintiff with the requisite "Notice Pursuant to Local Rules 12.1 and 56.2" along with a copy of Local Civil Rule 56.2, setting forth plaintiff's obligations in opposing a motion for summary judgment. See Docket Entry 28.

1

## BACKGROUND

On January 17, 2004, plaintiff submitted a Freedom of Information Act/Privacy Act ("FOIA/PA") request to the United States Attorney's Office, ("USAO"), Eastern District of New York ("EDNY").[2] Defendant's Local Civil Rule 56.1 Statement ("56.1 Statement") ¶ 1. On February 2, 2004, EDNY responded and explained to plaintiff that pursuant to Department of Justice regulations, plaintiff's request would be forwarded to the Department of Justice FOIA/PA Unit for consideration. The EDNY also explained that any further inquiry regarding plaintiff's FOIA/PA request must be directed to the Department of Justice, Executive Office for United States Attorneys ("DOJ"). Declaration of David Luczynski, dated November 23, 2005, ("Luczynski Decl.") Exhibit A.

On April 1, 2004, plaintiff wrote the DOJ about his FOIA/PA request. On April 29, 2004, the DOJ responded and notified plaintiff that his FOIA/PA request was missing the following required information: (I) a certification of plaintiff's identity; (ii) information concerning which district he wished to have searched; and (iii) what information plaintiff was requesting. Luczynski Decl. Exhibit B. The DOJ also informed plaintiff that because his request did not contain the requisite information, his January 17, 2004 FOIA/PA request would not be

---

[2] Although plaintiff has filed a document entitled "Plaintiff Rule 56 Statement," the document does not controvert defendant's 56.1 statement, but instead sets forth arguments and commentary in response to defendant's motion. As such, the court may deem the facts in defendant's Rule 56.1 statement admitted. See Loc. R. 56.1(c). Generally, a "plaintiff['s] failure to respond or contest the facts set forth by the defendants in their Rule 56.1 statement as being undisputed constitutes an admission of those facts, and those facts are accepted as being undisputed." Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 504-05 (S.D.N.Y. 2003) (quoting NAS Elecs., Inc. V. Transtech Elecs. PTE Ltd., 262 F. Supp. 2d 134, 139 (S.D.N.Y. 2003). However, given plaintiff's *pro se* status, the Court will deem admitted only those facts in defendant's Rule 56.1 statement that are supported by admissible evidence and not controverted by other admissible evidence in the record. See Jessamy, 292 F. Supp. 2d at 504.

processed and that plaintiff would be required to submit a new request containing this information. Id.

On May 4, 2004, plaintiff submitted a new FOIA/PA request that contained the necessary information. Luczynski Decl. Exhibit D. Plaintiff requested that DOJ conduct a search for "all records in my personal file that relate or refer to civil rights law . . ." Id. Plaintiff's request also identified the United States Attorneys Office, in both the Eastern District and Southern Districts of New York as the two offices that plaintiff believed held records involving his "personal file." Id. On June 21, 2004, the DOJ acknowledged receipt of plaintiff's FOIA/PA request in two separate letters, both dated June 21, 2004. Luczynski Decl. Exhibits E and F. In each letter, DOJ assigned plaintiff a distinct identification number since plaintiff's request involved searching two United States Attorney's Offices in different districts. Luczynski Decl. ¶ 10. Plaintiff's request that DOJ search records at the EDNY was assigned FOIA/PA No. 04-2007, and plaintiff's request for a search at the SDNY was assigned FOIA/PA No. 04-2008. Id.

**The EDNY Request**

On October 29, 2004, DOJ notified plaintiff that "a search for records [in the USAO, EDNY] . . . ha[d] revealed no records," regarding plaintiff and that this decision concluded DOJ's search with respect to plaintiff's request for records at the EDNY ("October 29, 2004 decision"). Luczynski Decl. Exhibit G. The October 29, 2004 decision also informed plaintiff that the search for records at the Southern District of New York ("SDNY") was still on-going and that plaintiff had sixty days to appeal the DOJ's decision to the Office of Information and Privacy, United States Department of Justice. Id. Plaintiff did not appeal this decision.

Luczynski Decl. ¶ 14.

On November 5, 2004, six days after the October 29, 2004 decision, plaintiff sent another request to the DOJ asking for "a copy of all records relating to [him], in the Eastern District of New York." Plaintiff's Rule 56.1 Statement, Exhibit A. In his Reply Declaration, David Luczynski, Attorney Advisor for the DOJ averred that the agency did not assign a new FOIA/PA number to this request because it was substantially similar to the May 4, 2004 request that had already been responded to by the DOJ. Reply Declaration of David Luczynski ("Luczynski Reply Decl.") ¶ 4. In addition, Luczynski stated that when a request is not assigned a FOIA/PA number, the DOJ does not send an official reply to that requester.[3] Id. Plaintiff correctly observes the DOJ's failure to respond to his November 5, 2004 request was a violation of FOIA statutory provision 5 U.S.C. § 552(a)(6)(A) which requires the agency to reply within twenty days, or "in unusual circumstances" within a total of thirty days. 5 U.S.C. § 552(a)(6)(B)(I); Complaint at ¶¶ 6-7.

In addition, plaintiff disputes defendant's characterization that plaintiff's May 24, 2004 and November 5, 2004 requests were duplicative. Plaintiff correctly points out that the language in the November 5, 2005 request is much broader than in the original in May 4, 2004 request. The November 5, 2004 request asks for "all agency records relating to me, in the Eastern District of New York . . . [including] any material regarding me that may be found in your main files, electronic surveillance indexes, and "Do Not File" files . . ." Plaintiff's Rule 56 Statement, Exhibit A. The failure of defendant to respond to this request, as well as supplemental requests

---

[3] Defendant concedes in its Reply Memorandum of Law that this request should have been assigned a number and responded to within twenty days pursuant to § 552(a)(6)(A). Reply Memorandum of Law at p. 7.

for this information made by plaintiff on January 4, 2005; February 11, 2005 and March 15, 2005 form the basis of plaintiff's complaint against the DOJ.

Defendant contends that in response to plaintiff's May 4, 2004 request, the EDNY conducted a broad search for *any* records concerning plaintiff. Luczynski Reply Decl. ¶¶ 6, 7; Lowenthal Decl. ¶ 4, 5. Specifically, on June 21, 2004, FOIA/PA Specialist Thomas Lowenthal ("Lowenthal") avers that he conducted a search for any records involving plaintiff by using the USAO, EDNY computer tracking systems known as "LIONS," which tracks all civil or criminal investigations, as well as all cases handled by the EDNY. Lowenthal Reply Decl. ¶¶ 4-5, 9. "LIONS" (an acronym for "Legal Information Office Network System") permits a user to access databases that can be used to retrieve information based upon a defendant's name, the United States Attorney's Office internal administrative number and the district court case. Luczynski Decl. ¶ 16. LIONS is the only computer system the EDNY utilizes to track its files. The search yielded no records concerning plaintiff. Lowenthal Decl. ¶¶ 5, 9; Luczynski Reply Decl. ¶ 7 n.2;

In addition, Luczynski avers that "in view of the six day gap between October 29, 2004–the date the EOUSA notified Plaintiff it had no records–and November 5, 2004, when Plaintiff made his second request, on July 18, 2006, I instructed FOIA/PA Specialist Lowenthal to conduct a *second* search for records relating to Plaintiff based on his November 5, 2004 letter." Luczynski Reply Decl. ¶ 8 (emphasis added). However, except for the file in this instant matter, Lowenthal did not find any records regarding plaintiff. Id. at ¶ 10. This second search was made after plaintiff had already initiated this action.

**The SDNY Request**

On November 12, 2004, DOJ notified plaintiff that his FOIA/PA request from the USAO, SDNY would be handled on a "first-in-first-out" basis in order to process the request back-log "as equitably as possible." Luczynski Decl. Exhibit H. The November 12, 2004 decision also informed plaintiff that he could appeal the DOJ's first-in-first-out policy by writing the Office of Information and Privacy, United States Department of Justice, within sixty days of this decision. Id. On May 25, 2005, approximately two weeks after plaintiff filed suit in this matter, DOJ notified plaintiff in response to his SDNY FOIA/PA request that, "[t]he records which [he] ha[d] requested [could not] be located in the [USAO SDNY]." Luczynski Decl. Exhibit I. Although he did not appeal, plaintiff takes issue with this determination alleging that it constitutes evidence of DOJ's intent to withhold information from him. Plaintiff argues that the statement "the records you have requested cannot be located" is equivocal and does not mean there are in fact no records on plaintiff. Plaintiff's Rule 56 Statement at p. 8.

**Procedural History**

On May 10, 2005, plaintiff filed the instant complaint alleging that DOJ failed to respond to his FOIA/PA request dated November 5, 2004 and the three follow-up requests made on January 5, 2005; February 11, 2005 and March 15, 2005. Complaint at ¶¶ 6-11. The crux of plaintiff's complaint remains that "DOJ has refused to substantively respond–or even so much as acknowledge receipt of plaintiff's FOIA/PA request–this after repeated attempts over a more than reasonable time–and this even though there exist delivery confirmation receipts for the Certified Mail–plaintiff has de facto exhausted all administrative remedies and appeals". Complaint at ¶ 12. Plaintiff seeks that this Court "[o]rder the defendant (DOJ/EOUSA/USA-EDNY) to

immediately respond and forthwith disclose requested records." Id. at B.

On January 20, 2006, in an effort to resolve this action, defendant presented plaintiff with a declaration from David Luczynski, which states in relevant part:

> Because plaintiff requested records from the United States Attorney's Office for the Eastern District of New York ("USAO, EDNY"), as well as the United States Attorney's Office for the Southern District of New York ("USAO, EDNY"), the FOIA/PA specialists with the USAO, EDNY, and USAO, SDNY conducted systemic searches for records responsive to Plaintiff's FOIA/PA requests. In conducting their searches, the FOIA/PA specialists in the USAO, EDNY and USAO, SDNY, looked for records in their respective computer tracking systems. They also sent e-mails to the Assistant United States Attorneys in the Criminal Division to ascertain whether they had laid out any responsive records. In connection with the searches for records responsive to Plaintiff's FOIA/PA requests, the FOIA/PA specialists used the computer tracking system for the United States Attorneys Offices, the LIONS systems.
> The FOIA specialists in both the USAO, EDNY and the USAO, SDNY, did not find any records in LIONS concerning Plaintiff. Nor did any of the Assistant United States Attorneys in the Criminal Division of the USAO, EDNY and the USAO, SDNY, report that they had any records concerning plaintiff and his FOIA/PA requests.
> No records have been found responsive to Plaintiff's FOIA/PA requests.

Plaintiff rejects this declaration, taking issue with the "adequacy of search." Plaintiff's Rule 56. 1 Statement at p. 10. Plaintiff argues "[n]ot in and of itself; but in view of the history of defendant obfuscation and evasion in this matter; and in direct, seemingly obvious contradiction to defendant's statement . . . that DOJ has found no records concerning plaintiff; plaintiff's up-close-and-personal experience[4] would seem to indicate that DOJ does indeed have records. And more: Not only are there records on the plaintiff existing, but in significant measure, such files and records are ready to hand and available for any day's use." Id. at p. 19. Defendant argues

---

[4] Here plaintiff refers to an incident where he contends that the AUSA assigned to this case was surveilling him and "scrutinizing" him at the library. Id. at p. 18.

7

that summary judgment is appropriate because DOJ responded to plaintiff's May 4, 2004 request and has presented affidavits that it conducted a good faith search of its records.

## STANDARD OF REVIEW

Summary judgment should be granted if the pleadings, depositions, answers, interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C). A fact is material if it is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997) (quoting Anderson, 477 U.S. at 248 ); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Celotex Corp. v. Cadrett, 477 U.S. 317, 322 (1986). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000). For the purposes of summary judgment, the facts here are viewed in the light most favorable to plaintiff.

"An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita, 475 U.S. at 586-87 (1986). In other words, the non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor.

Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact." Niagra Mohawk Power Corp. v. Jones Chemical, Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)). Moreover, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Id. (quoting Anderson, 477 U.S. at 252).

Finally, "[w]here the non-moving party is proceeding *pro se*, the court must interpret that party's supporting papers liberally, that is, interpret them 'to raise the strongest possible arguments that they suggest.'" Forsyth v. Fed'n Empl. & Guidance Serv., 409 F.3d 565, 569 (2d Cir. 2005) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

**THE PRIVACY ACT**

The Privacy Act, 5 U.S.C. § 552(a) (2006), provides individuals with a means of access to government records similar to FOIA. However, while FOIA permits "any person" to access any "agency record," the Privacy Act permits only "an individual" to seek access to his or her own record, and only if that record is maintained by that agency within a "system of records." 5 U.S.C. § 552(a)(d)(1). The Privacy Act requires government agencies to disclose any individual information pertaining to him or her unless an exemption applies. See generally Pennyfeather v. Tessler, 431 F.3d 54 (2d Cir. 2005); 5 U.S.C. § 552a(d)(1); 5 U.S.C. §§ 552(d)(5), (j) and (k).

9

## THE FREEDOM OF INFORMATION ACT

The general purpose of FOIA is to "ensure an informed citizenry . . . [which is] needed to check against corruption and hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978); accord United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989) (main purpose of FOIA is to allow the general public to learn "what their government is up to") (citation omitted). FOIA favors broad disclosure and "any member of the public is entitled to have access to any record maintained by a federal agency, unless that record is exempt from disclosure under one of the Act's nine exemptions." A. Michael's Piano, Inc. v. FTC, 18 F.3d 138, 143 (2d Cir.), cert. denied, 513 U.S. 1015 (1994); accord Ortiz v. Dep't of Health and Human Servs., 70 F.3d 729, 732 (2d Cir. 1995), cert. denied, 517 U.S. 1136 (1996).

When a plaintiff in a FOIA case alleges that the agency in question "has improperly withheld documents through its failure to locate them, the agency's burden is to establish that it conducted an adequate search that failed to produce the requested records." Garcia v. U.S. Dep't of Justice, 181 F. Supp. 2d 356, 366 (S.D.N.Y. 2002) (quoting Katzman v. Freeh, 926 F. Supp. 316, 320 (W.D.N.Y.1996)). To prevail on a motion for summary judgment, the government must demonstrate that it has conducted a reasonable search for relevant documents thereby fulfilling its obligations under FOIA. Jones-Edwards v. Appeal Board of NSA, 352 F. Supp. 2d 420, 423 (S.D.N.Y. 2005) (citing to Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984) ("[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate" )). "Affidavits or declarations supplying facts indicating that the agency has

10

conducted a thorough search suffice to meet this burden and a district court may award summary judgment based on such declarations and affidavits." Rabin v. United States Dep't of State, 980 F. Supp. 116, 120 (E.D.N.Y.1997); Jones-Edwards, 352 F. Supp. 2d at 422; Garcia, 181 F. Supp. 2d at 366.

Affidavits must show that the agency made a good faith effort to search for the requested documents, using methods "reasonably calculated" to produce documents responsive to the FOIA request. Id. The Court presumes the affidavits to be made in good faith. Carney v. U.S. Dep't Justice, 19 F.3d 807, 812 (2d Cir. 1994). This presumption of good faith cannot be rebutted by purely speculative claims about the existence and discoverability of other documents. Halpern v. FBI, 181 F.3d 279, 291 (2d Cir. 1999); Garcia, 181 F. Supp. 2d at 366. Speculation that other documents exist, without more, "does not undermine the finding that the agency conducted a reasonable search." Garcia, 181 F. Supp. 2d at 366; Carney, 19 F.3d at 813 (district court properly denied discovery to FOIA plaintiff where plaintiff's allegation that "huge classes" of documents had been withheld by the Department of Justice was "grounded in mere speculation" and there was "a complete lack of tangible proof" that such documents existed). Where an agency satisfies its burden of showing that it conducted a reasonable search for the requested records, the plaintiff must show bad faith on the part of the agency in order to defeat summary judgment. Jones, 352 F. Supp. 2d at 423; Carney, 19 F.3d at 812.

Finally, the Court notes that the agency's "search for responsive documents need not, and indeed could not be perfect." Garcia, 181 F. Supp.2d at 368 (internal citation omitted). Accordingly, a search may be "reasonable and adequate even if 'it fails to produce all relevant material.'" Id. (internal citation omitted). In sum, "[t]he agency is not expected to take

11

extraordinary measures to find the requested records, but only to conduct a search reasonably designed to identify and locate responsive documents." Id.

## DISCUSSION

Although plaintiff's complaint seeks records only from the Eastern District of New York, plaintiff's opposition papers also voice his dissatisfaction with the response he received from his request to the Southern District of New York. For the purposes of this Report and Recommendation, the Court will assume that plaintiff takes issue with the substantive responses from both the Eastern and Southern Districts of New York. Additionally, for the purposes of this Report and Recommendation, the Court will assume that plaintiff has exhausted his administrative remedies with regard to these claims.[5]

Although plaintiff is steadfast and resolute in his belief that the USAO, Eastern District and Southern District of New York, have records regarding him, plaintiff presents no evidence to support this belief. In addition, plaintiff presents no evidence to support his conclusory assertion that DOJ's searches were made in bad faith. Plaintiff's opposition ignores his initial FOIA/PA request, dated May 4, 2004, wherein he requested a copy of "any and all records in [his] personnel file that relate to civil rights law." The DOJ conducted a search for *any* records regarding plaintiff in the USAO EDNY and SDNY and found none. Luczynski Decl. ¶ 18;

---

[5] Although addressed as a summary judgment motion, the Court notes that defendants also moved under 12(b)(1) for lack of subject matter jurisdiction because plaintiff failed to exhaust. However, in its Reply Memorandum, the defendant concedes that plaintiff has constructively exhausted his administrative remedies with respect to the November 5, 2004 request because the DOJ did not respond to this request within twenty working days. Reply Memorandum of Law at p. 5. As no appeal was filed by plaintiff regarding his May 4, 2004 request, exhaustion would be an alternative basis for dismissal. See Roberts v. Dep't of Justice, No. 05-CV-2543 (NGG), 2005 WL 3371480 at *7 (E.D.N.Y. December 12, 2005).

12

Luczynski Reply Decl. ¶ 7; Lowenthal Reply Decl. ¶ 5. Plaintiff also ignores the EDNY's October 29, 2004 response to plaintiff's request stating that a "search for records located in the United States Attorney's Office for the Eastern District of New York has revealed **no** records" (emphasis added).

DOJ has demonstrated that it conducted an adequate search for the documents requested by plaintiff. The record evidences that DOJ conducted two searches for any records regarding plaintiff, one in the USAO EDNY and one in the SDNY. The first EDNY search and the SDNY search were in response to plaintiff's May 4, 2004 request. The second EDNY search was in response to plaintiff's November 5, 2004 letter. Lowenthal Reply Decl. ¶¶ 5, 9; Luczynski Decl. ¶¶ 16-18; Luczynski Reply Decl. ¶ 7. The first search occurred on June 21, 2004, and was conducted by FOIA/PA Specialist Lowenthal, who used the USAO, EDNY's "LIONS" system in an attempt to locate any records concerning plaintiff. Lowenthal Reply Decl. ¶¶ 5, Luczynski Reply Decl. ¶ 7. When checking LIONS for records concerning plaintiff, Lowenthal used plaintiff's name as the search term and found no records that related to him. Lowenthal Reply Decl. ¶¶ 5, 9. In addition, on July 18, 2006, Lowenthal conducted a second search for any records concerning plaintiff in USAO, EDNY. Lowenthal Reply Decl. ¶¶ 7-8; Luczynski Reply Decl. ¶¶ 8-9. Lowenthal again used LIONS to check for any records and used plaintiff's name as the search term. Lowenthal Reply Decl. ¶¶ 8-9; Luczynski Reply Decl. ¶ 9. Except for matters relating to this case, Lowenthal found no records concerning plaintiff. Lowenthal Reply Decl. ¶ 8; Luczynski Reply Decl. ¶ 9.

In his Declaration David Luczynski states:

> The FOIA/PA specialists with the USAO, EDNY, and USAO, SDNY conducted systematic searches for records responses to Plaintiff's FOIA/PA requests. In conducting their searches, the FOIA/PA specialists in the USAO, EDNY and USAO, SDNY, looked for records in their respective computer tracking systems. They also sent e-mails to the Assistant United States Attorney in the Criminal Division to ascertain whether they had any responsive records. In connection with the searches for records responsive to Plaintiff's FOIA/PA requests, the FOIA/PA specialists used the computer tracking system for the United States Attorney's Offices, the LIONS system.
>
> The FOIA/PA specialists in both the USAO, EDNY and the USAO, SDNY, did not find any records in LIONS concerning Plaintiff and his FOIA/PA requests. Nor did any of the Assistant United States Attorneys in the Criminal Division of the USAO, EDNY and the USAO, SDNY, report that they had any records concerning Plaintiff and his FOIA/PA requests.
>
> Each step in handling of Plaintiff's FOIA/PA requests have been entirely consistent wit the DOJ and the United States Attorney's Offices's procedures, which were adopted to ensure an equitable response to all persons seeking access to records under the FOIA/PA.

Luczynski Decl. ¶¶ 15, 18, 19,

This declaration makes a facially adequate showing that DOJ conducted a reasonable search for documents responsive to plaintiff's request and the search is presumed to have been made in good faith. See Garcia, 181 F. Supp. 2d at 356. In addition, plaintiff has presented no evidence of bad faith on the agency's behalf, arguing only that DOJ's search for records was inadequate. Plaintiff's Memorandum of Law at 8-10. Plaintiff argues that the search was inadequate because he requested DOJ to search "electronic surveillance indexes" and "tickler" files. Id. at 10-11. In support, plaintiff mistakenly relies on Campbell v. United States Dep't of Justice, 164 F.3d 20 (D.C. Cir. 1999). Campbell concerned a FOIA request that sought records from the FBI, an agency that maintains an electronic surveillance index and "tickler" files. See e.g., 164 F.3d at 27-28. The EDNY and SDNY do not maintain such files or databases. As the

14

Luczynski and Lowenthal declarations explain, the USAO EDNY and SDNY utilize only the LIONS computer tracking system and do not utilize any other type of system for tracking files. Luczynski Reply Decl. ¶ 7 n.2. As such, DOJ did not act in bad faith when it utilized only the LIONS system in conducting its search.

Plaintiff also argues that DOJ's search was inadequate because it did not utilize plaintiff's date of birth, place of birth, and social security number as search terms when accessing LIONS. Plaintiff's Rule 56 Statement at p. 5. This contention lacks merit. As the declarations of Luczynski and Lowenthal make clear, the LIONS system retrieves information based only on a party's name, the USAO internal administrative number, or the district court case number. Luczynski Decl. ¶ 16; Lowenthal Reply Decl. ¶ 9. Plaintiff's date of birth, place of birth and social security number are not proper search terms in the LIONS database. Id.

Plaintiff fails to support his contention that the DOJ's search for his records was not reasonable. Plaintiff's Memorandum at 8-9. Instead, plaintiff relies upon conclusory, oblique allegations and rank speculation that records concerning him **must** exist:

> Not to get long-winded or sidetracked into a political sort of treatise; and not to say that the letters annexed here as exhibits (or the many others in the plaintiff's files to various addresses) could trigger tailing and/or surveilling in our "Post-9/11" world. But it sometimes happens in times of stress and duress; when less than entirely popular opinions are rendered; in sometimes less than diplomatic language; about issues that are themselves volatile or unstable or controversial; that these expressed opinions can sometime incite and elicit emotional sorts of reactions–reactions that might be educed even in normal times, but which can be further exacerbated or exaggerated by the newly emergent post-traumatic circumstances.

Plaintiff's Rule 56 Statement at p. 14.

Plaintiff's suspicion that the government must have records about him extends to his belief that the Assistant United States Attorney assigned to this case followed him to the library:

> Well, the question then rather immediately arises: If the FBI (that investigative arm); if the U.S. Attorney's Office; if DOJ has "no records" on the plaintiff, how then is it–rhetorical question–that DOJ defense counsel knew 1) Who the plaintiff was–i.e., what he looked like, they never having met before; 2) Where plaintiff would be so that counsel could "scope him out"; 3) When plaintiff would be at such location to be scoped out?

Plaintiff's Rule 56 Statement at p. 18.

At the heart of plaintiff's complaint is his unshaken belief that records concerning him do in fact exist at the SDNY and EDNY and therefore DOJ could not have conducted a reasonable search because it did not find such records. However, this unsupported belief does not establish that DOJ's search was unreasonable. Jones, 352 F. Supp. 2d at 422 ("Plaintiff's belief (which she obviously harbors) that NSA did not make a reasonable search-- because if it had it would have found something–is not enough to withstand [a] motion for summary judgment.").

In addition, plaintiff's argument that defendant's declarations and submissions concerning its search were made in bad faith are without merit. Plaintiff's conclusory assertions of bad faith on the part of DOJ do not rebut the presumption of good faith courts afford agency declarations nor are such allegations sufficient to defeat a motion for summary judgment. Prince v. Schofield, No. 98 CV 1224, 1999 WL 1007344 at *3 (E.D.N.Y. September 23, 1999) ("Agency affidavits enjoy a presumption of good faith and cannot be rebutted by . . . allegations of bad faith unsupported by tangible evidence."); Garcia, 181 F. Supp. 2d at 367 ("Garcia must present some evidence of bad faith on the part of the Government . . . to defeat the Government's motion for

summary judgment as to the search."). Here, the DOJ has presented evidence that it conducted a reasonable search to identify and locate documents responsive to plaintiff's request. Plaintiff has not rebutted the good faith presumption afforded to the government's search.

## CONCLUSION

Accordingly, it is respectfully recommended that the defendant's motion for summary judgment should be granted and plaintiff's action should be dismissed.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: February 16, 2007
Brooklyn, New York